1  Lee A. Cirsch (SBN 227668)
   Lee.Cirsch@capstonelawyers.com
2  Robert K. Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
3  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:      (310) 556-4811
6  Facsimile:      (310) 943-0396

7

8  Attorneys for Plaintiff
   Amy Vail

9

                UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11

12  AMY VAIL, individually, and on behalf    Case No.:
    of a class of similarly situated individuals,
13                                            **CLASS ACTION COMPLAINT FOR:**
                        Plaintiff,
14                                            (1)   Negligence
              v.                              (2)   Breach of Express and Implied Contract
15                                            (3)   Violation of Unfair Competition Law,
    YAHOO! INC., a Delaware corporation,            California Business & Professions Code
16                                                  § 17200 *et seq.*
                        Defendant.
17                                            **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1         1.        Plaintiff Amy Vail ("Plaintiff") brings this action for herself and on behalf of

2    all persons in the United States who maintained an account, at any time, from four years prior

3    to the filing of this complaint, with Yahoo! Inc. ("Defendant" or "Yahoo") that was vulnerable

4    or potentially vulnerable to cybersecurity breaches ("Yahoo Users").

5         2.        Since 1995, Yahoo has been one of the world's leading technology companies,

6    providing numerous internet-based services and products to consumers and businesses.

7    Throughout the course of its business, Yahoo has collected and maintained an extensive

8    amount of its users' personal information including, without limitation, the users' names,

9    email addresses, telephone numbers, birth dates, passwords, security questions, and security

10   answers required to create a Yahoo account.  However, Yahoo failed, and continues to fail, to

11   provide adequate protection of its users' personal and confidential information and has failed

12   to provide sufficient and timely notice or warning of potential and actual cybersecurity

13   breaches to its users.

14        3.        In an ongoing investigation, Yahoo has recently revealed that its users'

15   personal information has been subject to two of the largest data security breaches ever

16   disclosed, **affecting over one billion Yahoo user accounts**.  According to Yahoo, in July

17   2016, a state-sponsored actor "claimed to have obtained certain Yahoo user data" but Yahoo

18   was unable to substantiate the hacker's claims and took no further action including either

19   enhancing its security measures or notifying its users of the potential data breach.  Yahoo

20   knew about and continued to conceal the security breach from its users until approximately 3

21   months later.  Specifically, on September 22, 2016, Yahoo issued the following statement:

> A recent investigation by Yahoo has confirmed that a copy of certain user
> account information was stolen from the company's network in late 2014 by
> what it believes is a state-sponsored actor.  The account information may have
> included names, email addresses, telephone numbers, dates of birth, hashed
> passwords (the vast majority with bcrypt) and, in some cases, encrypted or
> unencrypted security questions and answers…Based on the ongoing
> investigation, Yahoo believes that information associated with at least 500
> million user account was stolen […][1] ("Security Incident I").

---

[1] Bob Lord, CISO, *An Important Message About Yahoo User Security,* <u>Yahoo Tumblr</u>

4.      Then, on or around October 28, 2016, Yahoo stated in its Form 10-Q filing with the SEC that it had identified the "state-sponsored actor" in late 2014.  However, on information and belief, Yahoo took no actions at that time to enhance its security measures or notify its users of a potential cybersecurity breach or vulnerability.

5.      Further, **just today**, Yahoo announced that, in August 2013, an "unauthorized third party" stole personal data associated with **over one billion user accounts** by utilizing Yahoo's proprietary code in order to forge cookies ("Security Incident II").[2]  Yahoo stated that Security Incident II was "likely distinct" from Security Incident I but that they "have connected some of this activity to the same state-sponsored actor believed to be responsible" for Security Incident I.

6.      As a result of Defendant's failure to maintain adequate security measures and timely security breach notifications, Yahoo Users' personal and private information has been repeatedly compromised and remains vulnerable.  Further, Yahoo Users have suffered an ascertainable loss in that they have had to undertake additional security measures, at their own expense, to minimize the risk of future data breaches including, without limitation, changing passwords, security questions and security answers, and purchasing a security freeze on their credit files.  However, due to Yahoo's ongoing and incomplete investigation, Yahoo Users have no guarantee that the above security measures will in fact adequately protect their personal information.  As such, Plaintiff and other Class Members have an ongoing interest in ensuring that their personal information is protected from past and future cybersecurity threats.

**THE PARTIES**

7.      Plaintiff Amy Vail ("Plaintiff") is a citizen of the state of New York, residing in Binghamton, New York.

---

(Sept. 22, 2016), https://yahoo.tumblr.com/post/150781911849/ an-important-message-about-yahoo-user-security (last visited Dec. 14, 2016).
    [2] *Yahoo Security Notice December 14, 2016*, Yahoo! Help, https://help. yahoo.com/kb/account/SLN27925.html?impressions=true (last visited Dec. 14, 2016).

8.      Defendant Yahoo! Inc. is a corporation organized and in existence under the laws of the State of Delaware and registered to do business in the State of California.  Yahoo! Inc.'s Corporate Headquarters are located at 701 First Avenue, Sunnyvale, California, 94089.

9.      At all relevant times, Defendant was and is engaged in the business of providing internet-based services and products in Santa Clara County and throughout the United States of America.

## JURISDICTION

10.     This is a class action.

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

    (a)      the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

    (b)      this is a class action involving 100 or more class members; and

    (c)      this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

12.     The Court has personal jurisdiction over Defendant, which have at least minimum contacts with the State of California because their headquarters are located there and they have conducted business there and have availed themselves of California's markets through their internet-based services.

## VENUE

13.     Yahoo, through its business of providing internet-based services and products to Yahoo Users, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

14.     In addition, Defendant is headquartered here and has conducted business here

1  and availed itself of California's markets through its marketing, sale, and administration of

2  internet-based services.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

3  **FACTUAL ALLEGATIONS**

4      15.    In order to utilize Yahoo's services and products, consumers, including

5  Plaintiff and other Class Members, must create an online account through Yahoo.  As such,

6  Yahoo has collected and maintained an extensive amount of its users' personal account

7  information including, without limitation, the users' names, email addresses, telephone

8  numbers, birth dates, passwords, security questions, and security answers required to create a

9  Yahoo account.  Consumers provide this personal information to Yahoo in reliance on

10  Yahoo's assurances that it "takes your privacy seriously" and "[p]rotecting our systems and

11  our users' information is paramount to ensuring Yahoo users enjoy a secure user experience

12  and maintaining our users' trust.[3]  Yahoo further maintains a privacy policy that provides, in

13  part, that:

**Information Sharing & Disclosure**

Yahoo does not rent, sell, or share personal information about you with other people or
non-affiliated companies except to provide products or services you've requested,
when we have your permission, or under the following circumstances:

- We provide the information to trusted partners who work on behalf of or with
  Yahoo under confidentiality agreements. These companies may use your
  personal information to help Yahoo communicate with you about offers from
  Yahoo and our marketing partners. However, these companies do not have any
  independent right to share this information.
- We have a parent's permission to share the information if the user is a child
  under age 13. See Children's Privacy & Family Accounts for more information
  about our privacy practices for children under 13 .
- We respond to subpoenas, court orders, or legal process (such as law
  enforcement requests), or to establish or exercise our legal rights or defend
  against legal claims.
- We believe it is necessary to share information in order to investigate, prevent,
  or take action regarding illegal activities, suspected fraud, situations involving
  potential threats to the physical safety of any person, violations of Yahoo's
  terms of use, or as otherwise required by law.
- We transfer information about you if Yahoo is acquired by or merged with
  another company. In this event, Yahoo will notify you before information about

27

28

---

[3] *Security at Yahoo*, Yahoo! Privacy Center, https://policies.yahoo.com/us/en/
yahoo/privacy/topics/security/index.htm (last visited Dec. 14, 2016).

you is transferred and becomes subject to a different privacy policy.

**Confidentiality & Security**

We limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs.

We have physical, electronic, and procedural safeguards that comply with federal regulations to protect personal information about you.

To learn more about security, including the security steps we have taken and security steps you can take, please read Security at Yahoo.[4]

16.    However, despite Yahoo's assurances, Yahoo has failed, and continues to fail, to provide adequate protection of its users' personal and confidential information, as evidenced by Yahoo's announcements regarding egregious user data breaches affecting over one billion Yahoo User accounts since 2013.  Further, Yahoo failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its users so as to mitigate the users' risks.

17.    According to Yahoo, in July 2016, a state-sponsored actor "claimed to have obtained certain Yahoo user data" but Yahoo was unable to substantiate the hacker's claims and took no further action including enhancing its security measures or notifying its users of the potential data breach.  Yahoo knew about and continued to conceal the security breach from its users until approximately 3 months later.  Specifically, on September 22, 2016, Yahoo issued the following statement:

A recent investigation by Yahoo has confirmed that a copy of certain user account information was stolen from the company's network in late 2014 by what it believes is a state-sponsored actor.  The account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (the vast majority with bcrypt) and, in some cases, encrypted or unencrypted security questions and answers…Based on the ongoing investigation, Yahoo believes that information associated with at least 500 million user account was stolen […][5] ("Security Incident I").

---

[4] *Yahoo Privacy Center*, Yahoo.com, https://policies.yahoo.com/us/en/ yahoo/privacy/index.htm (last visited Dec. 14, 2016).

[5] Bob Lord, CISO, *An Important Message About Yahoo User Security*, Yahoo Tumblr (Sept. 22, 2016), https://yahoo.tumblr.com/post/150781911849/ an-important-message-about-

18.     Then, on or around October 28, 2016, Yahoo stated in its Form 10-Q filing with the SEC that it had identified the "state-sponsored actor" in late 2014.  However, on information and belief, Yahoo took no actions at that time to enhance its security measures at or notify its users of a potential cybersecurity breach or vulnerability.

19.     Further, on December 14, 2016, Yahoo announced that, in August 2013, an "unauthorized third party" stole personal data associated with over one billion user accounts by utilizing Yahoo's proprietary code in order to forge cookies ("Security Incident II"). Yahoo issued the following statement, in part, regarding Security Incident II:

> Law enforcement provided Yahoo in November 2016 with data files that a third party claimed was Yahoo user data. We analyzed this data with the assistance of outside forensic experts and found that it appears to be Yahoo user data. Based on further analysis of this data by the forensic experts, we believe an unauthorized third party, in August 2013, stole data associated with more than one billion user accounts. Yahoo has not been able to identify the intrusion associated with this theft. We believe this incident is likely distinct from the incident we disclosed on September 22, 2016. We are notifying potentially affected users and have taken steps to secure their accounts, including requiring users to change their passwords. Yahoo has also invalidated unencrypted security questions and answers so that they cannot be used to access an account.
>
> Separately, our outside forensic experts have been investigating the creation of forged cookies that could allow an intruder to access users' accounts without a password. Based on the ongoing investigation, the outside forensic experts have identified user accounts for which they believe forged cookies were taken or used in 2015 or 2016. The company is notifying the affected account holders, and has invalidated the forged cookies. We have connected some of this activity to the same state-sponsored actor believed to be responsible for the data theft we disclosed on September 22, 2016.[6]

20.     The insufficient security policies and procedures implemented by Yahoo is a material fact that a reasonable consumer would consider when deciding whether to create an online account and provide personal information.  Had Plaintiff and other Class Members known that Yahoo failed to employ necessary and adequate protection of their personal information, they would not have created a Yahoo account. In fact, Plaintiff and other Class

---

yahoo-user-security (last visited Dec. 14, 2016).
     [6] *Yahoo Security Notice December 14, 2016*, Yahoo! Help, https://help. yahoo.com/kb/account/SLN27925.html?impressions=true (last visited Dec. 14, 2016).

Members relied on Yahoo's Security and Privacy policies ensuring implementation of "physical, electronic, and procedural safeguards" to protect their personal information.

### B.    Plaintiff Amy Vail

21.    Plaintiff has been a Yahoo user continually for over ten (10) years and has been damaged as a result of Security Incident I and Security Incident II.  She remains concerned about the potential misuse of her personal information and the continued vulnerability of her Yahoo account information.  As such, she has taken steps recommended by Yahoo in an attempt to protect her personal information provided to Yahoo, including changing her password and security questions.

22.    At no point prior to Yahoo's announcement on September 22, 2016, was Plaintiff informed by Yahoo of a potential security breach exposing her personal data or provided any instructions regarding additional security measures to minimize her risk of identity theft.

### CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

24.    The Class and Sub-Class are defined as:

> **Nationwide Class**:  All individuals in the United States who maintained an account, at any time, from four year prior to the filing of this complaint, with Yahoo! Inc. that was vulnerable or potentially vulnerable to cybersecurity breaches (the "Nationwide Class" or "Class").

25.    Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an

appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

26.   <u>Numerosity</u>:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

27.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, has maintained a Yahoo account since August 2013.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they have had to undertake additional security measures, at their own expense, to minimize the risk of future data breaches.  Furthermore, the factual bases of Yahoo's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

28.   <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

(a)   Whether Yahoo owed a duty of care to Plaintiff and Class Members with respect to the security of their personal information;

(b)   Whether Yahoo had a legal and/or contractual duty to use reasonable security measures to protect Plaintiff's and Class Members' personal information;

(c)   Whether Yahoo took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

(d)   Whether Yahoo breached its duty to exercise reasonable care in handling Plaintiff's and Class Members' personal information;

(e)   Whether an implied contract existed between Yahoo and Class Members;

(f)   Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

(g)   Whether Yahoo's security procedures and practices violated *California Business & Professions Code* §§ 17200 et seq.;

(h)   Whether Yahoo knew or should have known of Security Incident I and Security Incident II prior to its late 2016 announcements;

(i)   Whether Yahoo had a duty to promptly notify Class Members that their personal information was, or potentially could be, compromised;

(j)   Whether Plaintiff and other Class Members are entitled to damages or equitable relief, including but not limited to a preliminary and/or permanent injunction; and

(k)   Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid for a security freeze on their credit files.

29.   <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

30.   <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no

effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

**FIRST CAUSE OF ACTION**

**(Negligence)**

31.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

32.     Plaintiff brings this cause of action on behalf of herself and on behalf of the Nationwide Class.

33.     Yahoo owed a duty to Plaintiff and Class Member to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons.  This duty included, among other things, designing, implementing, maintaining and testing Defendant's security systems and protocols, consistent with industry standards and requirements, to ensure that Plaintiff's and Class members' personal information in Yahoo's possession was adequately secured and protected.  Yahoo further owed a duty to Plaintiff and Class Members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

34.     Yahoo owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate security practices.  Yahoo solicited, gathered, and stored the personal data provided by Plaintiff and Class Members in the regular course of its business. Yahoo knew that a breach of its systems would cause damages to

Plaintiff and Class Members, and Yahoo had a duty to adequately protect such sensitive personal information.

35.     Similarly, Yahoo owed a duty to Plaintiff and Class Members to timely disclose any incidents of data breaches, where such breaches compromised the personal information of Plaintiff and Class Members.  Plaintiff and Class Members were foreseeable and probable victims of any inadequate notice practices. Yahoo knew that, through its actions and omissions, it had caused the sensitive personal information of Plaintiff and Class Members to be compromised and accessed by unauthorized third parties yet failed to mitigate potential harm to its users by providing timely notice of the security breach.

36.     Yahoo breached its duties owed to Plaintiff and Class Members by failing to exercise reasonable care in the adoption, implementation, and maintenance of adequate security procedures and protocols and by failing to timely notify Plaintiff and Class Members of potential and actual security breaches.  Yahoo's breach of its duties owed to Plaintiff and members of the Class caused injuries to Plaintiff and members of the Class, including but not limited to a) theft of their personal information; b) costs associated with the detection and prevention of identity theft; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the aforementioned data breaches, including without limitation finding fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing with all issues resulting from the data breaches; d) the imminent and impending injury flowing from potential fraud and identity theft posed by the unauthorized control and use of their personal information by third parties; e) damages to and diminution in value of their personal information entrusted to Yahoo with the understanding that Yahoo would safeguard their data against theft and not allow access and misuse of their data by others; and f) the continued risk to their personal information, which remains in the possession of Yahoo and which is subject to further breaches so long as Yahoo fails to undertake appropriate and adequate measures to

1   protect data in its possession.

2       37.     But for Yahoo's negligent and wrongful breach of its duties owed to Plaintiff

3   and Class Members, Plaintiff and Class Members would not have been harmed and could have

4   taken remedial measures to protect their personal information.

5       38.     Plaintiff and Class Members seek an aware of actual damages.

6                           **SECOND CAUSE OF ACTION**

7                    **(Breach of Express and Implied Contracts)**

8       39.     Plaintiff incorporates by reference the allegations contained in each and every

9   paragraph of this Complaint.

10      40.     Plaintiff brings this cause of action on behalf of herself and on behalf of the

11  Nationwide Class.

12      41.     Yahoo's Terms of Service, which incorporates by reference Yahoo's Privacy

13  Policy discussed above, forms the contract between Yahoo and its users.

14      42.     Additionally, when Plaintiff and Class Members created a Yahoo account, they

15  entered into an implied contract with Yahoo under which Yahoo requested personal

16  information for the purpose of increasing its revenues.  Plaintiff and Class Members provided

17  the requested personal information in order to obtain Yahoo's services, for which Yahoo

18  agreed to protect all personal information provided.  Plaintiff and Class Members are

19  reasonable consumers who would not have provided Yahoo with their personal information in

20  the absence of an implied contract.

21      43.     Yahoo failed to adequately safeguard and protect the personal information of

22  Plaintiff and Class Members, so that one or more unauthorized third parties were able to

23  obtain access to such personal information within Yahoo's network since at least August

24  2013.

25      44.     In allowing security breaches that compromised the personal information of

26  over 1 billion Yahoo users, Yahoo breached the express terms of its Terms of Service and

27  Privacy Policy that provided it would "not rent, sell, or share personal information about you

28

1  with other people or non-affiliated companies" and the terms of its implied contract to protect

2  its users' personal information.

3      45.     As a result of Yahoo's breach of the express and implied contracts, Plaintiff

4  and Class Members suffered and will continue to suffer damages including, but not limited to,

5  loss of their personal information, loss of money, the objectively reasonable likelihood of

6  identity theft and/or fraudulent purchases, and loss of money and costs incurred as a result of

7  increased risk of identity theft and fraudulent purchases, all of which have ascertainable value

8  to be proven at trial.

9                                 **THIRD CAUSE OF ACTION**

10            **(Violation of California Business & Professions Code § 17200, *et seq*.)**

11      46.     Plaintiff incorporates by reference the allegations contained in each and every

12  paragraph of this Complaint.

13      47.     Plaintiff brings this cause of action on behalf of herself and on behalf of the

14  Nationwide Class.

15      48.     As a result of their reliance on Defendant's omissions, Yahoo Users utilizing

16  Defendant's internet-based services suffered an ascertainable loss due to Defendant's failure

17  to provide adequate protection of its users' personal and confidential information and failure

18  to provide sufficient and timely notice or warning of potential and actual cybersecurity

19  breaches.

20      49.     California Business & Professions Code § 17200 prohibits acts of "unfair

21  competition," including any "unlawful, unfair or fraudulent business act or practice" and

22  "unfair, deceptive, untrue or misleading advertising."

23      50.     Plaintiff and Class Members are reasonable consumers who expected Yahoo to

24  vehemently protect the personal information entrusted to them and to be informed by Yahoo

25  of potential and actual cybersecurity vulnerabilities as soon as Yahoo became aware of such

26  threat.

27      51.     Yahoo's acts and omissions were intended to induce Plaintiff and Class

28

1   Members' reliance on Yahoo's guarantee that their personal information was secure and

2   protected, to increase the number of Yahoo subscribers, and, ultimately, to increase Yahoo's

3   revenues. Plaintiff and the Class members were deceived by Yahoo's failure to properly

4   implement adequate, commercially reasonable security measures to protect their personal

5   information, and Yahoo's failure to promptly notify them of the security breach. As a result,

6   Yahoo's conduct constitutes "fraudulent" business acts or practices.

7        52.    Defendant's conduct was and is likely to deceive consumers.

8        53.    In failing to implement adequate security procedures and protocols to protect

9   Plaintiff and Class Members' personal information and promptly notify Plaintiff and Class

10   Members of potential and actual security threats, Defendant has knowingly and intentionally

11   concealed material facts and breached its duty not to do so.

12        54.    Defendant was under a duty to Plaintiff and Class Members to protect its users'

13   personal information and promptly notify users of potential and actual security threats, and

14   other omitted facts alleged herein, because:

15              (a)    Defendant was in a superior position to know the specifics of a potential

16                     or actual security breach; and

17              (b)    Defendant actively concealed information known to Defendant

18                     regarding potential and actual security breaches affecting user account

19                     information.

20        55.    The facts Defendant concealed from or did not disclose to Plaintiffs and Class

21   Members are material in that a reasonable person would have considered them to be important

22   in deciding whether to utilize Yahoo's services or cancel, change or otherwise modify their

23   account information.  Had Plaintiff and other Class Members known that Yahoo failed to

24   employ necessary and adequate protection of their personal information and would fail to

25   timely notify them of potential security breaches, they would not have created a Yahoo

26   account.

27        56.    By its conduct, Defendant has engaged in unfair competition and unfair and

28

fraudulent business practices.  Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

57.    As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and Class Members will continue to suffer actual damages.

58.    Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

## RELIEF REQUESTED

59.    Plaintiff, on behalf of himself, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

(a)    An order certifying the proposed Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

(a)    An order enjoining Defendant from further unfair and deceptive business practices regarding the maintenance and protection of its users' personal information;

(b)    An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(c)    A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten revenues it collected from its conduct alleged herein, or make full restitution to Plaintiff and Class Members;

(d)    An award of attorneys' fees and costs, as allowed by law;

(e)    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(f)    An award of pre-judgment and post-judgment interest, as provided by law; and

1        (g)    Such other relief as may be appropriate under the circumstances.

2   **DEMAND FOR JURY TRIAL**

3   60.    Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of

4   California Local Rule 3-6, Plaintiff demands a trial by jury of any and all issues in this action

5   so triable.

Dated:  December 14, 2016          Respectfully submitted,

Capstone Law APC


By: /s/ Lee A. Cirsch
Lee A. Cirsch
Robert K. Friedl
Trisha K. Monesi

Attorneys for Plaintiff Amy Vail